# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| JOHN ALFRED BORGEN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, JUDGE JEFFERY SHERLOCK, ANNA WHITNING SORRELL, and DR. HILL,<br><br>Defendants. | Cause No. CV 11-00082-BU-RFC-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff John Borgen's Motion to Proceed *in Forma Pauperis* (*Court Doc. 1*) and proposed Complaint seeking damages for an unlawful incarceration. *Court Doc. 2.*

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Borgen submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

## II. STATEMENT OF THE CASE

### A. Parties

Based on his previous detention at the Montana State Hospital Forensic Unit, Borgen names the following Defendants: Judge Jeffrey Sherlock; Anna Whitning Sorrell, Director of the Montana Department of Public Health and Human Services; and Dr. Virginia Hill, a medical doctor at the Montana State Hospital. In the style of the case, Borgen also lists the State of Montana as a Defendant.

### B. Allegations

Borgen alleges he was unlawfully detained at the Montana State Hospital between August 1, 2008, and April 22, 2009. He contends Judge Sherlock gave him an unlawful sentence and Ms. Sorrell and Dr. Hill kept him in the forensic unit at the Montana State Hospital.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Borgen is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a *pro se* prisoner complaint before it is

served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551, U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007);

*Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires dismissal for the reasons stated, it does not deprive the district court of discretion to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). The court may decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. <u>Analysis</u>

#### 1. <u>Judicial Immunity</u>

The claims against Judge Sherlock are barred by judicial immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a

case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

Judge Sherlock's sentencing orders are clearly a part of his official duties. He acted within his jurisdiction in sentencing Borgen. Judge Sherlock is, therefore, entitled to judicial immunity.

### 2. **Unlawful Detention**

Borgen's claims of unlawful detention against Defendants Sorrell and Hill will also be recommended for dismissal. "Prison officials may

properly assume that they have the authority to execute the sentencing orders delivered to them by the court without fear of civil liability." *Stein v. Ryan*, 662 F.3d 1114, 1117 (9th Cir. 2011). The sentencing order was issued by Judge Sherlock and Defendants Sorrell and Hill were obligated to comply with that Order until they received notice that the order was invalid. Borgen's allegations fail to state a claim upon which relief may be granted.

### 3. State of Montana

The State of Montana is protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting

under its control may "be subject to suit in federal court."  *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).  The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Hence any claim against the State of Montana for monetary damages would not be cognizable in federal court.  As Borgen has only requested monetary damages, his claims against the State of Montana are barred by the Eleventh Amendment.

## IV. CONCLUSION

Borgen's claims are barred by judicial immunity and the Eleventh Amendment.  They fail to state a claim upon which relief may be granted.  These are not defects which could be cured by amendment, and therefore the case will be recommended for dismissal.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken

> in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain that the instant Complaint lacks an arguable basis in law. The finding that Borgen's claims fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

**ORDER**

1. Borgen's Motion for Leave to Proceed in forma pauperis *Court Doc. 1* is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on December 7, 2011.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. The Complaint should be dismissed and the Clerk of Court directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Borgen's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Borgen may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of January, 2012.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge