IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED
MAR 15 2012
PATRICK E. DUFFY  CLERK
BY_____
Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| JOHN ALFRED BORGEN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, JUDGE JEFFERY SHERLOCK, ANNA WHITNING SORRELL, and DR. HILL,<br><br>Defendants. | CV-11-82-BU-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On January 30, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss the Complaint.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the January 30, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

1

1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Borgen alleges he was unlawfully detained at the Montana State Hospital between August 1, 2008, and April 22, 2009. He contends Judge Sherlock gave him an unlawful sentence and Ms. Sorrell and Dr. Hill kept him in the forensic unit at the Montana State Hospital.

1. **Judicial Immunity**

The claims against Judge Sherlock are barred by judicial immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and

irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

Judge Sherlock's sentencing orders are clearly a part of his official duties. He acted within his jurisdiction in sentencing Borgen. Judge Sherlock is, therefore, entitled to judicial immunity.

### 2. Unlawful Detention

Borgen's claims of unlawful detention against Defendants Sorrell and Hill must also be dismissed. "Prison officials may properly assume that they have the authority to execute the sentencing orders delivered to them by the court without fear of civil liability." *Stein v. Ryan*, 662 F.3d 1114, 1117 (9th Cir. 2011). The sentencing order was issued by Judge Sherlock and Defendants Sorrell and Hill were obligated to comply with that Order until they received notice that the order was invalid. Borgen's allegations fail to state a claim upon which relief may be granted.

### 3. State of Montana

The State of Montana is protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the State of Montana for monetary damages would not be cognizable in federal court. As Borgen has only requested monetary damages, his claims against the State of Montana are barred by the Eleventh Amendment.

## CONCLUSION

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Borgen's claims are barred by judicial immunity and the Eleventh Amendment. They fail to state a claim upon which relief may be granted. These are not defects which could be cured by amendment. The finding that Borgen's claims fail to state a claim upon which relief may be granted is so clear no

reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, **IT IS HEREBY ORDERED** the Complaint is **DISMISSED** and the Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure. The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 15th day of March, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE